O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANCISCO J. VARGAS, | ) | Case No. CV 12-6594-OP |
| Plaintiff, | ) ) | |
| v. | ) ) | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |

The Court[1] now rules as follows with respect to the disputed issues listed in the Joint Stipulation ("JS").[2]

/ / /

/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (ECF Nos. 8, 9.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g). (ECF No. 6 at 3.)

1

# I.
# **DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues raised by Plaintiff as the grounds for reversal and/or remand are as follows:

(1) Whether the Administrative Law Judge ("ALJ") properly considered the treating physician's opinion; and

(2) Whether the ALJ properly assessed Plaintiff's credibility.

(JS at 4.)

# II.
# **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

# III.
# **DISCUSSION**

**A.  The ALJ's Findings.**

The ALJ found that Plaintiff has the severe impairment of multiple

sclerosis. (Administrative Record ("AR") at 21.) The ALJ concluded that Plaintiff retains the residual functional capacity ("RFC") to perform sedentary work with the following limitations: he must use a cane for balance; he must avoid hazards such as "moving machinery and heights, etc., due to balance issues"; and he can frequently perform postural activities. (Id. at 22.)

      The ALJ concluded Plaintiff could not perform his past relevant work as a deliverer of merchandise and as a mail carrier. (Id. at 25.) However, relying on the testimony of the vocational expert ("VE"), the ALJ determined that given Plaintiff's age, education, work experience, and RFC, there were jobs in significant number in the national economy he could perform, such as: touch-up screener printed circuit board assembly (Dictionary of Occupational Titles ("DOT") No. 726.684-110); charge account clerk (DOT No. 205.367-014); and lens inserter, optical (DOT No. 713.687-026). (Id. at 25-26.) The VE testified that the walking for these jobs would be minimal and only in a small area. (Id. at 26.) Thus, the ALJ determined that Plaintiff has not been under a disability as defined by the Social Security Act. (Id.)

**B.**     **The ALJ Properly Considered the Opinion of Plaintiff's Treating Physician.**

      **1.**     **The Medical Records Before the ALJ Do Not Warrant Remand.**

      It is well established in the Ninth Circuit that a treating physician's opinion is entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. 20 C.F.R. §§ 404.1527(d), 416.927(d). Where the treating

physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991). If the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). The ALJ can "meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Thomas, 278 F.3d at 957 (citation omitted) (quotation omitted).

The ALJ is responsible for considering the medical evidence of record in making a determination of disability. 20 C.F.R. §§ 404.1512(d), (e), 404.1527, 404.1545(a)(3) (2012). However, the ALJ is not required to "discuss every piece of evidence" so long as the decision was supported by substantial evidence. Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003). Rather, the ALJ need only explain why "significant probative evidence has been rejected." Vincent ex rel. Vincent v. Heckler, 739 F.2d 1393 (9th Cir. 1984); see also Tackett v. Apfel, 180 F.3d 1094, 1102 (9th Cir. 1999) ("The ALJ must set out in the record his reasoning and the evidentiary support for his interpretation of the medical evidence.").

Plaintiff contends that the ALJ failed to provide specific and legitimate reasons for ignoring or discounting Dr. Meir's opinion regarding Plaintiff's functional limitations. (JS at 5.) However, the Court notes that the ALJ has not actually rejected, ignored, or discounted Dr. Meir's opinion. Rather, the ALJ actually relied on Dr. Meir's medical opinion to support Plaintiff's RFC assessment. (AR at 25.)

Here, the ALJ reviewed Dr. Meir's November 2010 neurological

assessment of Plaintiff, the treating physician's most recent assessment of Plaintiff at the time of the ALJ's decision.[3] The ALJ noted that Dr. Meir examined Plaintiff and found that Plaintiff "had normal strength in his upper extremities and only some diminution of strength in his lower extremities, some loss of coordination, and decreased perception of vibration in hands and feet." (AR at 23.) The ALJ further observed that Dr. Meir "noted no loss of cognitive ability, personality change, or abnormal behavior or mood." Id. Finally, the ALJ noted "the generally mild diminution in the [Plaintiff's] physical and mental abilities expressed in Dr. Meir's assessment." Id. The ALJ's review of Dr. Meir's November 2010 opinion evidence is consistent with the record. (See id. at 293-94.)

The ALJ also found Dr. Meir's assessment of Plaintiff to be consistent with Plaintiff's RFC. (Id. at 23.) The Court notes that nothing in Dr. Meir's assessment suggests that Plaintiff cannot perform sedentary work. Moreover, contrary to Plaintiff's contention that the ALJ ignored Dr. Meir's opinion regarding Plaintiff's functional limitations, the ALJ actually incorporated restrictions described by Dr. Meir in Plaintiff's RFC assessment. For example, Dr. Meir noted that Plaintiff needed to use a cane (id. at 293), and the ALJ included this limitation in Plaintiff's RFC assessment, saying that Plaintiff "must use a cane for balance" (id. at 22). In short, the ALJ fully considered the medical evidence from Dr. Meir that was provided to her and properly incorporated those findings into Plaintiff's RFC.

Based on the foregoing, the Court finds that there was no error.

///

---

[3] The Court finds that Dr. Meir's November 2010 assessment of Plaintiff is generally consistent with her assessments of Plaintiff in October 2009 and May 2010. (See AR at 292-94, 301-03, 306-07.)

### 2. **The Additional Medical Evidence Before the Appeals Council Does Not Warrant Remand.**

Plaintiff contends this case should be remanded to allow the ALJ to consider the whole record, including the additional medical evidence from Dr. Meir that he submitted to the Appeals Council after the ALJ issued her decision. (JS at 8.) Specifically, Plaintiff submitted an RFC Questionnaire and examination notes that were dated July 25, 2011, and completed by Dr. Meir. (AR at 319-20, 323-35.) The Appeals Council considered these two additional pieces of evidence and found they did not provide a basis for changing the ALJ's decision (Id. at 1-2.) Thus, the Appeals Council denied review. (Id. at 1.)

Where, as here, "the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1163 (9th Cir. 2012). For this reason, the Court considers both the additional material submitted to the Appeals Council and the ALJ's decision to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error. See Taylor v. Comm'r of Soc. Sec. Admin., 659 F.3d 1228, 1232 (9th Cir. 2011) (citing Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993)).

The Court's review of the new evidence submitted by Plaintiff does not establish that Plaintiff was under a disability through May 18, 2011, the date of the ALJ's decision. While the new evidence might show that Plaintiff's disability worsened after the ALJ's decision, that would be relevant to a new claim and not to the present one. (Sanchez v. Sec'y of Health and Human Servs., 812 F.2d 509, 512 (9th Cir. 1987) ("The new evidence indicates, at most, mental deterioration after the hearing, which would be material to a new application, but not probative of his condition at the hearing").

Even if the new evidence was relevant to Plaintiff's disability at the time of the ALJ's decision, the ALJ's decision is still supported by substantial evidence. That is because Dr. Meir's treatment notes from July 25, 2011, are consistent with Dr. Meir's earlier November 2010 assessment of Plaintiff (see AR at 292-94, 323-25), which the ALJ already found to be consistent with Plaintiff's RFC (id. at 23).

Dr. Meir's RFC Questionnaire, however, is inconsistent with and unsupported by her own clinical findings from the same day. For example, Dr. Meir opined that Plaintiff could sit four to five hours in an entire workday, could not stand at all, and could walk for only one half hour or less. (Id. at 319.) She stated that Plaintiff could, therefore, only work for a total of four to five hours per day. (Id.) However, her clinical notes reflect that Plaintiff had mostly normal strength in his major muscle groups and extremities. (Id. at 324.) Dr. Meir also opined that Plaintiff could rarely use his hands for handling, pushing, or pulling and could never use his hands for fine manipulation. (Id. at 319.) However, her treatment notes from the same day state that Plaintiff's coordination was normal. (Id. at 325.) In addition, Dr. Meir's clinical findings from that day are largely unchanged from her previous treatment notes.

Thus, after reviewing the entire record, including the evidence presented for the first time to the Appeals Council, the Court finds that the ALJ's decision is supported by substantial evidence.

**C.     The ALJ Properly Considered Plaintiff's Credibility.**

Plaintiff asserts that the ALJ failed to provide clear and convincing reasons for rejecting his subjective complaints. (JS at 21-28.) Specifically, he states that "the ALJ decision is void of any sufficient rationale at all as to why the ALJ ignored and disregards Mr. Vargas's testimony." (Id. at 21.) Plaintiff also contends that the ALJ rejected Plaintiff's testimony using boilerplate language "because that testimony is inconsistent with what the ALJ believes it should be," or only "because it lacks support in the objective medical evidence." (Id. at 22-

23.) Moreover, Plaintiff claims that his attempt "to perform some minimal daily activities in connection with generous rest periods" does not detract from his credibility as to his overall disability because it does not correspond to an ability to perform work activity. (Id. at 25-26.)

### 1. **Legal Standard.**

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). When, as here, an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ must make explicit credibility findings. Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that claimant was not credible is insufficient).

Once a claimant has presented medical evidence of an underlying impairment which could reasonably be expected to cause the symptoms alleged, the ALJ may only discredit the claimant's testimony regarding subjective pain by providing specific, clear, and convincing reasons for doing so. Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007). An ALJ's credibility finding must be properly supported by the record and sufficiently specific to ensure a reviewing court that the ALJ did not arbitrarily reject a claimant's subjective testimony. Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir. 1991).

An ALJ may properly consider "testimony from physicians . . . concerning the nature, severity, and effect of the symptoms of which [claimant] complains," and may properly rely on inconsistencies between claimant's testimony and claimant's conduct and daily activities. See, e.g., Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (citation omitted). An ALJ also may consider "[t]he nature, location, onset, duration, frequency, radiation, and intensity" of any pain or other symptoms; "[p]recipitating and aggravating factors"; "[t]ype, dosage,

effectiveness, and adverse side-effects of any medication"; "[t]reatment, other than medication"; "[f]unctional restrictions"; "[t]he claimant's daily activities"; "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment"; and "ordinary techniques of credibility evaluation," in assessing the credibility of the allegedly disabling subjective symptoms.  Bunnell, 947 F.2d at 346-47; see also Soc. Sec. Ruling 96-7p; 20 C.F.R. 404.1529 (2005); Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly rely on plaintiff's daily activities, and on conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on weak objective support, lack of treatment, daily activities inconsistent with total disability, and helpful medication); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may properly rely on the fact that only conservative treatment had been prescribed); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on claimant's daily activities and the lack of side effects from prescribed medication).

### 2. **Analysis.**

As stated by the ALJ, Plaintiff alleges the following:  he always has aches and fatigue, and pain in his joints, fingers, and shoulders make it difficult to do many activities; he has trouble typing, playing the guitar, writing, and running; he cannot stand for long periods, and his back or shoulder pain sometimes cause him difficulty sleeping; he is able to walk about a block before needing to rest, and he takes daily naps; and, he experiences constipation with a bowel movement once a week and in the morning alone, makes 5-6 trips to the bathroom to urinate.  (AR at 22-23 (citations omitted).)

In his decision, the ALJ generally discounted Plaintiff's credibility as follows:

> After careful consideration of the evidence, the undersigned finds

9

    that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

(Id. at 23.)

  The ALJ then provided additional clear and convincing reasons for discounting Plaintiff's subjective complaints.

  First, the ALJ found that Plaintiff's activities of daily living were inconsistent with the alleged severity of his symptoms. Specifically, she noted that Plaintiff is able to perform several household chores in the morning before doing a twenty minute exercise workout; he is able to sweep, wash dishes, do the laundry, feed the family pets, and do some yard work; he does more cooking now than he used to do; he is able to shop in stores alone for an hour or two, and he can handle his own finances; he is able to type on a keyboard for 1.5 to 2 hours; despite pain in his joints, fingers, and shoulders, he continues to play his guitar and plays video games three to four times a week; he is still able to drive for a few hours with breaks to use the bathroom; his constipation has lessened from before; and, although he usually takes naps for twenty to thirty minutes in the mid-afternoon, he can usually skip the nap and stay awake until evening if he has a cup of coffee. (Id.) These are clear and convincing reasons for discounting Plaintiff's credibility. Morgan, 169 F.3d at 600 (claimant's ability to fix meals, do laundry, work in the yard, and occasionally care for friend's child was evidence of ability to work); Tidwell, 161 F.3d at 602 (ALJ may properly rely on weak objective support, lack of treatment, daily activities inconsistent with total disability, and helpful medication); Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1990) (claimant's ability to take care of her personal needs, prepare easy meals, do light housework, and shop for groceries inconsistent with claim she was precluded from all work

activity). The ALJ's interpretation was reasonable. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005) ("Although the evidence of [the claimant's] daily activities may also admit of an interpretation more favorable to [her], the ALJ's interpretation was rational, and '[w]e must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation.'").

The ALJ also carefully considered the medical opinion evidence from multiple sources and found that the objective evidence in the record does not support Plaintiff's statements as to the severity his symptoms. (AR at 23-25.) To the extent the ALJ relied on the fact that the objective medical evidence does not support Plaintiff's alleged severity of symptoms, although a lack of objective medical evidence may not be the sole reason for discounting a plaintiff's credibility, it is nonetheless a legitimate and relevant factor to be considered. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). Here, the ALJ gave the most weight to the opinion of the treating physician, Dr. Meir, who found only a "generally mild diminution in the [Plaintiff's] physical and mental abilities." (AR at 23.) The ALJ found this assessment to be consistent with, and supportive of, Plaintiff's RFC. (Id. at 23, 25.) The ALJ also relied on parts of the opinions of other medical examiners in concluding that Plaintiff's complaints of disabling limitations were not fully credible. For example, the ALJ assigned "moderate weight" to the opinion of internist Dr. Neeraj Gupta, consulting examiner, who found that Plaintiff was "able to stand or walk for 2 hours in an 8-hour workday," and "was able to sit for 6 hours in an 8-hour workday." (Id. at 23.) Likewise, the ALJ assigned "moderate weight" to the opinion of psychiatrist and neurologist Dr. David Bedrin, consulting examiner, who found that Plaintiff was able "to perform work activities on a consistent basis" and was able "to complete a normal workday without interruptions from psychiatric conditions." (Id. at 24.)

Thus, the ALJ provided clear and convincing reasons for finding Plaintiff's subjective complaints of impairment less than credible. See, e.g., Bunnell, 947

F.2d at 346-47; <u>Morgan</u>, 169 F.3d at 600 (9th Cir. 1999) (ALJ may properly rely on plaintiff's daily activities, and on conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); <u>Tidwell</u>, 161 F.3d at 602 (9th Cir. 1998) (ALJ may properly rely on weak objective support and daily activities inconsistent with total disability).

Based on the foregoing, the Court finds the ALJ's credibility finding was supported by substantial evidence and was sufficiently specific to permit the Court to conclude that the ALJ did not arbitrarily discredit Plaintiff's subjective testimony. Thus, there was no error.

## IV.
## ORDER

Based on the foregoing, IT IS THEREFORE ORDERED, that judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

Dated: August 8, 2013

HONORABLE OSWALD PARADA
United States Magistrate Judge